IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID ESCAMILLA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:11cv516 |
| v. ) | |
| ) | |
| M2 TECHNOLOGY, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY (FRCP 12(b)(7)) AND FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6))**

**I.  SUMMARY**

Plaintiff David Escamilla has brought this suit seeking to enforce rights in a trademark and related registration that he does not own. The mark is "M2" and the owner of the mark is M2 Software, Inc., a company that has shown a remarkable inclination to sue and otherwise challenge scores of companies who, like Defendant here, use and/or register M2 in business areas that have nothing to do with M2 Software, Inc.'s business, which is limited to the film and music industries.

For undisclosed reasons, M2 Software, Inc. is not a party to this case. This is the only case that seeks to enforce the M2 mark and that has been brought by any entity other than M2 Software, Inc. But without M2 Software, Inc. in this case, Defendant is at substantial risk of incurring double, multiple, or otherwise inconsistent obligations in view of M2 Software, Inc.'s sole and exclusive ownership interest in the M2 mark here at issue. Accordingly, M2 Software, Inc. should and can be joined as a plaintiff under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

Moreover, and independent of M2 Software, Inc.'s addition to this case, three Counts of Plaintiff's First Amended Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because: Mr. Escamilla does not own the M2 trademark registration asserted against Defendant (Count II); Mr. Escamilla does not own the M2 trademark asserted against Defendant (Count IV); and Mr. Escamilla is not a consumer of Defendant's goods (Count VII).

The grounds for this motion are set forth in detail below.

## II.   FACTS

### A.   Plaintiff's Pleadings In This Court

This case has been brought by David Escamilla, an individual who seeks to enforce rights in the mark M2. According to the First Amended Complaint, the M2 mark is used by M2 Software, Inc., which is "the company whose name and trademark is being damaged." (Exh. A, ¶5.)

The First Amended Complaint alleges seven causes of action, all based on the same essential pair of allegations; namely, that M2 Software, Inc. ("M2 Software") owns M2, and that Defendant's use of M2 is likely to cause confusion. ***Counts I and III*** allege unfair competition under §43(a) of the Lanham Act, 15 U.S.C. §1125(a) (Exh. A, ¶¶41-43, 47-51). ***Count II*** alleges trademark infringement under §32(1)(a) of the Lanham Act, 15 U.S.C. §1114(1), based on a US trademark registration (*Id.* at ¶¶44-46). ***Count IV*** alleges violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d) (*Id.* at ¶¶52-56). ***Count V*** alleges common law trademark infringement and unfair competition (*Id.* at ¶¶57-58). ***Count VI*** alleges violation of §16.29 of the Texas Business

and Commerce Code (*Id*. at ¶¶59-60). And *Count VII* alleges violation of §§1741 *et seq*. of the Texas Business and Commerce Code (*Id*. at ¶¶61-62).

Mr. Escamilla has moved this Court for entry of a preliminary injunction based on the alleged likelihood of confusion resulting from Defendant's continued use of M2. (That motion is referred to herein as "PI Motion.") In a declaration in support of his PI Motion, Mr. Escamilla admits that M2 Software owns the trademark registration asserted against Defendant:

> 10. The M2® trademark is registered on the Principal Register of the United States in standard character form, U.S. Reg. No. 1,931,182. …
>
> 11. M2's federal registration was obtained early in company history … . (Exh. B.) (*See also Id*. at ¶1 (defining "M2" as M2 Software, Inc.).)

Mr. Escamilla's declaration further states that M2 Software owns the common law rights in the M2 mark:

> 13. In addition to registration rights, M2 also owns substantial common law rights (rights acquired through use) through its 20-year senior use of M2® as [a] trade name and service mark in the information technology field. (Exh. B.)

### B. The Records Of The US Patent & Trademark Office

The face of the trademark registration shows the owner to be "M2 Software, Inc." (Exh. C.) Likewise, the ownership records of the US Patent & Trademark Office ("USPTO") show M2 Software, Inc. as the current owner of the registration. (Exh. D.)

### C. Federal Court Litigation Brought By M2 Software

M2 Software has brought at least three federal court lawsuits for alleged infringement of the same M2 mark that Mr. Escamilla asserts against Defendant in this

case. Mr. Escamilla was not a party to any of the three cases; each was brought only by M2 Software. Each court found that M2 Software owns the M2 mark:

- "Plaintiff-Appellant M2 Software, Inc. ('M2 Software') is the owner of M2, a federally registered trademark that is used in conjunction with business management and interactive media application goods and services for the film and music industry." *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1076 (9th Cir. 2005).

- "M2 Software owns the registered trademark 'M2' in standard character form. U.S. Registration No. 1,931,182." *M2 Software, Inc. v. M2 Communications, Inc.*, 450 F.3d 1378, 1384 (Fed. Cir. 2006). *See also Id*. at 1379, defining "M2 Software" as "M2 Software, Inc."

- "M2 Software, a Delaware corporation based in Los Angeles, owns the federally registered trademark 'M2.'" *M2 Software, Inc. v. Viacom, Inc.*, 119 F. Supp.2d 1061, 1063 (C.D. Cal. 2000), *rev'd*, 30 Fed.Appx. 710 (9th Cir. Jan. 30, 2002).

### D. USPTO Proceedings Brought By M2 Software

In his PI Motion, Mr. Escamilla relies on administrative proceedings in the USPTO involving Defendant's applications to register M2 and M2 TECHNOLOGY. (Defendant voluntarily abandoned its applications.) Among other things, Mr. Escamilla asks the Court to attach *res judicata* significance to an Opposition filed against Defendant's trademark applications. (Exh. B, ¶35.) *Res judicata* does not apply for several reasons, but for present purposes, the only one of significance is that the Opposition was brought by M2 Software, not by Mr. Escamilla. The caption of the Notice of Opposition shows only M2 Software as the Opposer (the party in the position of a plaintiff in USPTO proceedings). (Exh. E, PTX00247.)

The Notice of Opposition likewise alleges that M2 Software owns the M2 mark there – and here – at issue:

4

    1.)    Opposer M2 Software [defined as M2 Software, Inc.] is the senior user and owner of the "M2" trademark and "M2" trade name …

    3.)    Opposer [*i.e.*, M2 Software, Inc.] owns a senior federal registration for the "M2" mark in standard character form, protecting all manners of display. TMEP § 1207.01(c)(iii). U.S. Reg. No. 1,931,182. … (Exh. E, PTX00247.)

Moreover, in his PI Motion, Mr. Escamilla relies on a chart he prepared that (supposedly) shows other USPTO administrative proceedings "in which M2 [*i.e.*, M2 Software, Inc.] has successfully received a sustained opposition … ." (Exh. B, ¶19 and Exh. 3 thereto.) The chart shows nothing of the sort, but for present purposes, the important fact is that all 15 opposition proceedings, from 1999 to 2011, were brought only by M2 Software. None was brought by Mr. Escamilla.

Likewise, since Mr. Escamilla filed this lawsuit in August 2011, M2 Software has filed two more administrative proceedings in the USPTO, one on January 19, 2012, and another on November 7, 2011, seeking to enforce against others the very same M2 mark Mr. Escamilla seeks to enforce against Defendant here. In both proceedings, M2 Software alleges that it owns all rights in the M2 mark and registration that Mr. Escamilla relies on in this case. (Exh. F, ¶¶1-3; Exh. G, ¶¶1, 5.) Mr. Escamilla is not a party to either proceeding.

### III. ARGUMENT

**A. This Case Should Be Dismissed, Or M2 Software Should Be Added As A Plaintiff, Because M2 Software's Absence Subjects Defendant To A Substantial Risk Of Multiple Obligations (FRCP 12(b)(7) and 19(a)(1))**

A Rule 12(b)(7) motion to dismiss based on the failure to join a party under Rule 19 entails two inquiries.

> The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation.

*HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003).

M2 Software should be joined as a plaintiff and can feasibly be joined; *i.e.*, adding M2 Software would not destroy the Court's jurisdiction. Accordingly, the Court need not proceed to the second step of the analysis.

> On a motion under Rule 12(b)(7), the court initially will determine if the absentee should be joined as a party in accordance with the criteria set forth in Rule 19(a). If it decides in the affirmative, the court will order the absentee brought into the action. If the absentee cannot be joined, the court then must determine, by analyzing the factors described in Rule 19(b), whether to proceed without joining the person or to dismiss the action.

7 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d §1609, at 130 (2001) (footnotes omitted).[1]

> Under the first step, a party is required and must be joined if:
>
> that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: … (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Helia Tec Res., Inc. v. GE&F Co.,* 2011 U.S. Dist. LEXIS 106453, at **7-8 (S.D. Tex. 2011). *See also* Rule 19(a)(1)(B).

As the facts make inescapably clear, M2 Software claims an interest in the M2 mark that is the subject of this action. In an avalanche of filings in federal courts and the

---

[1] Because M2 Software should and can feasibly be joined as a plaintiff, and in the interest of efficiency, Defendant does not present any argument at this time as to whether, in M2 Software's absence, the court should press forward without M2 Software or dismiss the litigation. However, Defendant reserves the right to do so in the event Mr. Escamilla takes the position that M2 Software cannot feasibly be joined.

USPTO over 18 years,[2] M2 Software has always claimed to be the *sole* owner of *all* rights in the M2 mark, and in the federal trademark registration that covers the M2 mark. Those are the identical rights asserted against Defendant in this action.

Without M2 Software as a plaintiff, Defendant is exposed to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations – particularly in view of M2 Software's hyper-litigious behavior in enforcing its alleged rights against third parties.

"Courts have held consistently that the owner of allegedly infringed intellectual property rights is a person needed for just adjudication under Rule 19." *JTG of Nashville, Inc. v. Rhythm Band, Inc.,* 693 F. Supp. 623, 626 (M.D. Tenn. 1988). In *JTG of Nashville*, plaintiff ("JTG") was the exclusive distributor of children's musical instruments and sued defendant ("RBI") under the Lanham Act. RBI moved to dismiss the lawsuit because the creator, manufacturer and seller of the instruments – that is, the owner of the asserted trade dress ("Zen-on") – was not a plaintiff to the lawsuit. The court granted the motion and ordered that Zen-on be added as a plaintiff, explaining that otherwise:

> RBI would be placed in the unenviable and expensive position of defending two different suits arising out of essentially the same set of facts.
>
> This possibility also implicates the public interest in the efficient use of judicial resources. Subsequent litigation by Zen-on would likely require re-litigation of issues raised between the instant plaintiff and defendant, RBI. Even assuming, in the event JTG succeeds in the first action, that such repetition could be avoided by allowing Zen-on to use offensively claims of res judicata or collateral estoppel, separate proceedings concerning the nature and extent of relief would be necessary. Such a separation of claims arising out of a common set of facts is plainly less efficient than joinder, and inconsistent with the general thrust of the Federal Rules of Civil Procedure. *Id*. at 627.

---

[2] Beginning with M2 Software's filing of its trademark application on August 30, 1994 (Exh. C), and continuing through its January 19, 2012, proceeding against Aegis Texas Venture Fund (Exh. F).

The court therefore found that "under Rule 19 Zen-on is needed for a just adjudication of JTG's action against RBI" (*Id*.) and ordered Zen-on to appear as an additional party plaintiff within 30 days of the court's decision. *Id*. at 628.

The same result is required here. Without M2 Software as a plaintiff, Defendant faces the risk of a separate lawsuit filed by M2 Software – a company that has shown no inhibition to challenge everyone and anyone who uses or tries to register M2 (regardless of merit). That would prejudice Defendant legally and financially by forcing Defendant to re-litigate the very same issues that are at issue in this case. *See Association of Co-Operative Members, Inc. v. Farmland Industries, Inc.,* 684 F.2d 1134, 1143 (5th Cir. 1982) (where a trademark lawsuit is brought only by the licensee of the mark, "A judgment for the plaintiff-licensee could result in double obligations for the defendant, should the licensor subsequently sue on his own"). It would also disserve "the public interest in judicial economy," which is one of the policies underlying Rule 19. *JTG of Nashville,* 693 F. Supp. at 625-26. [3]

Because M2 Software everywhere (but here) claims to be the sole and exclusive owner of the M2 mark and registration asserted against Defendant here, and because disposing of this action without the presence of M2 Software will expose Defendant to a

---

[3] Seeing the glaring inconsistency between this suit where Mr. Escamilla is the only plaintiff, and every other legal and administrative proceeding where M2 Software is the only plaintiff, Mr. Escamilla tries to head off the addition of M2 Software by arguing that: he has "a 'reasonable interest' to be protected under the Lanham Act" (Exh. A, ¶ 5); he is the "full owner of the federal registrant" (Exh. H at 9, ¶4.04); and he is the privy of M2 Software. (*Id*. at 8, ¶4.91). These arguments are meritless but the Court need not address them here because even if they permit *Mr. Escamilla's presence* as a plaintiff, they do not excuse *M2 Software's absence* as a plaintiff. M2 Software still must be brought into this case under Rule 19.

substantial risk of incurring double, multiple, or otherwise inconsistent obligations, M2 Software must be added to this case as a plaintiff.

### B. Count II Should Be Dismissed Because Mr. Escamilla Does Not Own The Asserted 'M2' Trademark Registration (FRCP 12(b)(6))

Regardless of whether M2 Software is added to this case, Count II must be dismissed under Rule 12(b)(6) because Mr. Escamilla has no standing to assert a claim for infringement of the M2 mark that is the subject of M2 Software's federal trademark registration. Count II alleges a violation of §32(1)(a) of the Lanham Act, 15 U.S.C. §1114(1)(a). (Exh. A, ¶¶ 44-46.) That Section provides, in relevant part and with emphasis added:

> (1) Any person who shall, without the consent of *the registrant*—
>
>> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; …
>
> shall be liable in a civil action *by the registrant* for the remedies hereinafter provided.

The above statutory text makes clear that §32(1)(a) can be enforced only by "the registrant," meaning the owner of a federal trademark registration. The case law naturally follows the text. "Section 32 of the Lanham Act, 15 U.S.C. §1114(1), grants standing to assert a claim for trademark infringement solely to the 'registrant.'" *Berni v. International Hourmet Restaurants of Am.*, 838 F.3d 642, 645-46 (2d Cir. 1988). *See also Association of Co-Operative Members, Inc. v. Farmland Industries, Inc.,* 684 F.2d 1134, 1138 n.4 (5th Cir. 1982) ("relief is available [under 15 U.S.C. §1114(1)] only to owners of federally registered trademarks"); *Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165

9

F.3d 526, 531 (7th Cir. 1986) ("Authorities uniformly agree that only the trademark's registrant (or her assignee) may sue under § 32(1)").

In *Multimin USA, Inc. v. Walco International, Inc.*, 2007 U.S. Dist. LEXIS 41801, at \*\*13-15 (N.D. Tex. June 8, 2007), the court dismissed a claim by one of the plaintiffs under §1114(1)(a) where that plaintiff did not own the trademark registration that was the subject of the claim.

Here, the registrant is indisputably M2 Software, and therefore only M2 Software can sue under §32(1)(a) of the Lanham Act. Consequently, Count II must be dismissed for failure to state a claim upon which relief can be granted.[4]

### C. Count IV Should Be Dismissed Because Mr. Escamilla Is Not The Owner Of Asserted 'M2' Mark (FRCP 12(b)(6))

Count IV must be dismissed under Rule 12(b)(6) because Mr. Escamilla does not own the M2 mark. Count IV alleges a violation of §43(d)(1)(A) of the Lanham Act, 15 U.S.C. §1125(d)(1)(A), commonly known as the Anticybersquatting Consumer Protection Act. (Exh. A, ¶¶ 52-56.) That Section provides that in certain circumstances, one who registers a domain name can "be liable in a civil action *by the owner of a mark*." *See also* 15 U.S.C. §1125(d)(1)(C), providing certain remedies for violation of §43(d)(1)(A) available "to the owner of the mark."

---

[4] The definition of "registrant" includes "legal representatives, predecessors, successors and assigns" of the registrant (15 U.S.C. §1127), but Mr. Escamilla fits within none of those categories. He has brought this suit as an individual and appears *pro se*. In Plaintiff's own words, "Plaintiff is a natural person, filing as an individual in *pro se*." (Exh. I, at 4.) Likewise, there is no allegation that Mr. Escamilla ever owned the M2 mark. He is therefore not a predecessor. And there is also no allegation that M2 Software has transferred its rights in M2 to Mr. Escamilla. Thus, Mr. Escamilla is neither a successor nor an assign of the M2 mark.

As established above, Mr. Escamilla does not own the M2 mark (M2 Software does). Accordingly, Mr. Escamilla has no standing to sue under §43(d)(1)(A) of the Lanham Act. Consequently, Count IV must be dismissed for failure to state a claim upon which relief can be granted (regardless of whether M2 Software is added to the case).

### D. Count VII Should Be Dismissed Because Only Consumers Can Sue Under §§17.41 *et seq*. Of The Texas Bus. & Com. Code (FRCP 12(b)(6))

Count VII must be dismissed under Rule 12(b)(6) because Mr. Escamilla does not allege to be a consumer of Defendant's goods. To the contrary, he alleges that he and the Defendant are competitors. (Exh. A, ¶6.)

Count VII alleges violation of §§17.41 *et seq*. of the Texas Bus. & Com. Code. (Exh. A, ¶¶ 61-62.) Claims under §17.41 can be brought only by consumers. "The plaintiff has the burden of proof on all elements of his cause of action under the [Deceptive Trade Practices Act, now known as the Deceptive Trade Practices-Consumer Protection Act]. This includes proof that he was a consumer." *Farmers and Merchants State Bank of Krum v. Ferguson*, 617 S.W.2d 918, 920 (Tex. 1981). *See also Adams v. Bank of America*, 2011 U.S. Dist. LEXIS 124030, at **13-14 (E.D. Tex. 2011) (Rule 12(b)(6) dismissal of claim under §17.41 where plaintiff was not a consumer); Texas Business & Commerce Code §§17.44, 17.50.

Because there is no allegation that Mr. Escamilla is a consumer of the goods sold by Defendant, Count VII must be dismissed under Rule 12(b)(6). And like Counts II and IV, dismissal is required even if M2 Software is added to this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant submits that: M2 Software, Inc. should be added as a plaintiff under FRCP 12(b)(7) and 19; and Counts II, IV, and VII of the First Amended Complaint should be dismissed under FRCP 12(b)(6).

Dated: February 17, 2012        Respectfully submitted,

By: */s/ John F. Bufe*
MICHAEL E. JONES
State Bar No. 10929400
JOHN F. BUFE
State Bar No. 03316930
**POTTER MINTON, PC**
110 N. College, Suite 500
Tyler, Texas 75702
**T** (903) 597 8311
**F** (903) 593 0846
Email: johnbufe@potterminton.com

John T. Gabrielides (*pro hac vice*)
**BRINKS HOFER GILSON & LIONE**
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611

Nathan O. Greene (*pro hac vice*)
**BRINKS HOFER GILSON & LIONE**
222 S. Main Street, Suite 1930
Salt Lake City, UT 84101

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of **Defendant's Motion to Dismiss for Failure to Join a Party (FRCP 12(b)(7)) and for Failure to State a Claim (FRCP 12(b)(6))** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 17th day of February, 2012. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ John F. Bufe*
John F. Bufe